IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

| | |
|---|---|
| **MARIE PATTERSON** | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) C.A. No. 18-CV-492-JB-M |
| v. | ) |
| | ) |
| **GEORGIA PACIFIC, LLC,** | ) |
| **TIMOTHY McILWAIN (Individually),** | ) |
| **AND** | ) |
| **JEFFREY HAWKINS (Individually).** | ) |
| | ) **DEMAND FOR JURY TRIAL** |
| **Defendants.** | ) |

## ~~FIRST AMENDED~~ COMPLAINT

**COMES NOW Plaintiff MARIE PATTERSON** (hereinafter or "Plaintiff PATTERSON") and files this Complaint against the above-named **Defendants.** (hereinafter "Defendants") and shows the Court as follows:

### PARTIES

1. Plaintiff Marie Patterson (African-American female) is an individual residing in Clarke County, Alabama. At all relevant times to this complaint,

Plaintiff was an employee of Georgia Pacific LLC. Her location of employment was located in Monroe County, Alabama. Plaintiff Patterson was an employee as defined by Title VII of the Civil Rights Act, and 42 U.S.C. §1981 et seq.

2. Plaintiff Patterson rights under the following statutes have been violated: Retaliation pursuant to Title VII of the Civil Rights Act 42 U.S.C. § 2000e et seq and 42 U.S.C. § 1981 et seq, She was an employee of Georgia Pacific LLC, previously Georgia Pacific Packaging LLC, and worked at Defendant's Alabama River Cellulose LLC in Monroe County Alabama.

3. On information and belief, Defendants reside and/or do business within the Mobile Division of the Southern District of Alabama, and Defendants operate its facility within the Mobile Division of Southern District of Alabama. All actions alleged herein occurred within the Southern District of Alabama. Venue in this district is proper for Defendants pursuant to 28 U.S.C. § 1391 (b) and (c). At all relevant times to this action, Defendants controlled the terms and conditions of Plaintiff's employment.

4. Defendant Georgia Pacific LLC. is a corporation organized under the laws of the State of Alabama and was the employer for Plaintiff. Defendant may be served with process in accordance with O.C.G.A. § 9-11-4, through

service on its registered agent at the following: CT Corporation, System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

5. Defendant Timothy McIlwain is an employee of the above-named corporate defendants. He served as the direct manager to Plaintiff throughout the relevant time period for this action. Defendant Timothy McIlwain may be served with process in accordance with O.C.G.A. § 9-11-4, through service on its registered agent at the following: CT Corporation, System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104. This is the last and only known address for Defendant McIlwain.

6. Defendant Jeffrey Hawkins is an employee of the above-named corporate defendants. He served as a manager who was directly involved with Plaintiff's termination and had direct authority over Plaintiff throughout the relevant time period for this action. Defendant Hawkins may be served with process in accordance with O.C.G.A. § 9-11-4, through service on its registered agent at the following: CT Corporation, System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104. This is the last and only known address for Defendant Hawkins.

## JURISDICTION AND VENUE

7. This lawsuit is brought for Retaliation, as prohibited by 42 U.S.C. Sections 1981 et seq., as well as Title VII of the Civil Rights Act of 1964, as

3

amended, 42 U.S.C. §2000e et seq. Jurisdiction is also based on 28 U.S.C. Sections 1331, 1343, 1345, 1367 and 42 U.S.C. Sections 1981.

8. Personal jurisdiction and venue are appropriate pursuant to 28 U.S.C. § 1391(b), (c), and (d) since the Defendants are residents of, have an agent or agents, and/or transact their affairs in Fulton County, Georgia, and the unlawful conduct complained of occurred in this District.

## FACTUAL ALLEGATIONS

9. On or around December 28, 2015, Plaintiff (African-American Female) began her employment with Defendants.

10. Plaintiff's title was SR HR Manager and was compensated at $125,000 annually.

11. On or about February 2016, Plaintiff reported to work as SR HR Manager at Alabama River Cellulose in Purdue Hill.

12. Labeled as SR HR Manager, Plaintiff was responsible for continuous improvement of the selection process, ensure employees connect with how they drive value for the company, identify talent gaps, coach supervisors on the development of gap closure plans, understand, develop, apply and coach employees on Market Based Management, Identify HR Compliance risks and develop gap closure plans to address risks while implementing a systematic approach to maintaining compliance, interpreting policies and

practices, managing FMLA, ADA, Workers Compensation, EEO/AAP, investigating questions and/ or complaints, resolving employee relations issues and using each complaint/issue as an opportunity to understand the root cause and develop a plan to resolve the root cause, drive innovation in HR functions an processes aligning with the HR, Division and plant specific vision.

13. Defendants Timothy McIlwain (Caucasian male), Plant Manager, and Jeffrey Hawkins (Caucasian male), HR Director, both supervised Plaintiff during her employment.

14. On or about March 1, 2017, Plaintiff met with Defendant McIlwain for their regularly scheduled GM meeting. During this meeting, Plaintiff informed Defendant McIlwain that the two internal African American employees had complained to HR about not hearing anything on the Maintenance E & I positions. Plaintiff told Defendant McIlwain that the African-American employees had in fact completed the internal Expression of Interest form by the deadline to apply in August 2016.

15. Plaintiff said to Defendant McIlwain that the employees passed the E& I assessment for the posting, the employees met the qualifications for the postings.

16. Defendant McIlwain, said to Plaintiff that those two employees will not be considered and to represent to the contrary that they did not meet the job qualifications.

17. Plaintiff said to Defendant McIlwain, the employees have discussed filing a complaint of discrimination and it can be perceived that the employees are being discriminated against and that she opposed the treatment of these employees and they should be considered and treated fairly.

18. Plaintiff continued to have this coaching conversation with Timothy McIlwain at least two times a month between May 2017 and July 2017.

19. Plaintiff said to Defendant McIlwain, you need to provide a valid reason to exclude the two African American employees from consideration for the Maintenance E&I position, as it appears that you are discriminating against these two African-American employees.

20. Defendant McIlwain said to Plaintiff, *"Because of who you are you are not going to tell me how to run this mill!"* He then demanded Plaintiff to leave his office.

21. On or about June 6, 2017, Plaintiff received a notice of deposition to testify on behalf of Plaintiffs that filed a pregnancy discrimination case against her previous employer.

22. Plaintiff informed her supervisor Defendants Hawkins and McIlwain, and Jessie Jackson, HR Admin Assistant of the deposition to take place in Florida and June 29, 2017.

23. On or about July 2016, Defendant Hawkins, HR Director phoned Plaintiff.

24. Defendant Hawkins said to Plaintiff that Defendant McIlwain asked me for details about your testimony in the deposition on Thursday. Defendant Hawkins then informed Plaintiff, *"I called Matthew Pesnell (GP Attorney) to ask him about the deposition in Florida."*

25. Defendant Hawkins asked Plaintiff for details about the deposition.

26. Plaintiff informed him that three female employees were terminated from her previous employer while on FMLA and had filed an EEOC case. Plaintiff said that each of the ladies either were pregnant or had just given birth at the time of termination. Plaintiff said, *"I was the HR representative who counseled the leaders against terminating the employees and that is why I was deposed."*

27. Mr. Hawkins asked Plaintiff, *"Did you support or go against the employer?"*

28. Plaintiff said that she testified for the plaintiffs.

29. Defendant Hawkins said to Plaintiff, *"That means you went against your previous employer."*

30. On July 12, 2017, Defendant Hawkins visited Plaintiff's office to ask her more detailed questions about her participation in the deposition on June 27, 2017. He asked her what was her specific testimony and why she testified against her former employer.

31. After Plaintiff responded, Defendant Hawkins stated that giving the deposition (against my former employer) made things clear to him.

32. Also, during the meeting, Defendant Hawkins said to Plaintiff, "*Tim told me about you challenging him for not considering the (African-American) employees for the Maintenance E&I vacancies.*"

33. Plaintiff said, I thought we were working on improving the culture and no one ever told me of an expectation to lie.

34. Defendant Hawkins said to Plaintiff, this conversation "*never happened,*" and that everything is fine.

35. On or about July 12, 2017, after Defendant Hawkins departed the mill, Jessie Jackson, HR Assistant, entered Plaintiffs' office. Jessie Jackson said, Defendant Hawkins came to her desk quietly and directed her to follow him into the room and closed the door. Jessie Jackson said, Defendant Hawkins asked her about the deposition in Florida. Ms. Jackson said, "*Jeff tried to get me to say things that I didn't know.*" She said she told him that she *only*

knew that Plaintiff went to a deposition in Florida and that was also on Plaintiff's calendar and she didn't know any details.

36. On or about July 19, 2017, when Plaintiff was preparing to head for a meeting with Defendant McIlwain, Plant Manager, in his office. She was called by his assistant.

37. Michelle said to Plaintiff that Defendant McIlwain was in the mill and wanted to stop at Plaintiff's office for the meeting.

38. Shortly, after Plaintiff received the phone call from Michelle, Defendants McIlwain and Hawkins walked into Plaintiff's office together and closed the door behind them.

39. Defendant Hawkins said to Plaintiff, we have made a decision to separate you and handed Plaintiff a severance agreement for her signature.

40. On July 19, 2017, Defendants Tim McIlwain and Jeff Hawkins terminated Plaintiff's employment.

41. Defendants replaced Plaintiff with Georgia Pacific Memphis Cellulose, HR Manager Dacry Harris, (Male),

## EXHAUSTION OF ADMINSTRATIVE REMEDIES

42. The allegations contained in paragraphs 1-42 are incorporated are incorporated herein by reference. Plaintiff exhausted her Title VII administrative remedies are required pursuant to 42 U.S.C. § 2000e - 5.

43. Plaintiff filed a Charge of Discrimination ("Charge") with Equal Employment Opportunity Commission ("EEOC") on January 6, 2018, alleging discrimination based on retaliation.

44. The EEOC right to sue letter was postmarked for August 30, 2018, (*attached*).

45. Therefore, timely Plaintiff brings her claims of discrimination pursuant to Title VII 42 U.S.C. § 2000e et seq and 42 U.S.C. § 1981.

## SUBSTANTIVE ALLEGATIONS AND CLAIMS

### COUNT I
### UNLAWFUL RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. §2000e et seq.
### (All Named Corporate Defendants)

46. The allegations contained in paragraphs 1-46 are incorporated are incorporated herein by reference.

47. Defendants (All named corporate defendants) retaliated against Plaintiff in violation of the terms and conditions of her employment and in violation of Title VII of the Civil Rights Act, as amended and other applicable discrimination statutes.

48. Plaintiff is an African-American female, therefore she is a member of a protected class pursuant to Title VII of the Civil Rights Act.

49. On or around June 2017, Plaintiff informed Defendants that she engaged in the protected activity of opposing pregnancy discrimination by her former employer. On June 27, 2017, Plaintiff was deposed by her former employer where she opposed discriminatory treatment.

50. Plaintiff informed her supervisor Defendants Hawkins and McIlwain, and Jessie Jackson, HR Admin Assistant of the deposition to take place in Florida on June 29, 2017.

51. Plaintiff specifically reported that she was testifying against her former employer for discriminating against three pregnant female employees.

52. On or around July 12, 2017, Defendant Hawkins asked Plaintiff to report the purpose of the deposition and whether she testified against her former employer. Plaintiff reported that she was opposing pregnancy discrimination and that she testified against her former employer for terminating the pregnant women.

53. On July 19, 2017, Defendants McIlwain and Hawkins called Plaintiff into a private meeting in her office and terminated her employment. Defendants also presented her with a severance agreement, which was not signed.

54. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory practice unless and until the Court grants relief.

## COUNT II
## UNLAWFUL RETALIATION IN VIOLATION OF 42 USC §1981
## (All Named Defendants)

55. The allegations contained in paragraphs 1-55 are incorporated herein by reference. Defendants has unlawfully retaliated against Plaintiff based on herengagement in statutorily protected activity in violation of 42 U.S.C. § 1981.

56. Defendants retaliated against Plaintiff in violation of the terms and conditions of her employment and in violation of 42 U.S.C. § 1981 and other applicable discrimination statutes.

57. Plaintiff is and African-American female, therefore she is a member of a protected class pursuant to 42 U.S.C. § 1981.

58. On or around June 2017, Plaintiff informed Defendants that she engaged in the protected activity of opposing pregnancy discrimination by her former employer. On June 27, 2017, Plaintiff was deposed by her former employer where she opposed discriminatory treatment.

59. Plaintiff informed her supervisor Defendants Hawkins and McIlwain, and Jessie Jackson, HR Admin Assistant of the deposition to take place in Florida on June 29, 2017

60. Plaintiff specifically reported that she was testifying against her former employer for discriminating against three pregnant female employees.

61. On or around July 12, 2017, Defendant Hawkins asked Plaintiff to report the purpose of the deposition and whether she testified against her former employer.  Plaintiff reported that she was opposing pregnancy discrimination and that she testified against her former employer for terminating the pregnant women.

62. On July 19, 2017, Defendants McIlwain and Hawkins called Plaintiff into a private meeting in her office and terminated her employment.  Defendants also presented her with a severance agreement, which was not signed.

63. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory practice unless and until the Court grants relief.

**WHEREFORE**, Plaintiff requests that this Court award the following relief:

Order Defendants to institute and carry out policies, practices, and programs that eradicate unlawful discrimination.

Order Defendant to pay Plaintiff:

a. Back Pay;

b. Front Pay;

c. Lost Benefits;

d. Emotional distress damages;

e. Liquidated Damages;

f. Punitive Damages;

g. Attorney's fees and costs as provided by statute; and

h. Any other relief to which Plaintiff may be entitled.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of this action.

This the **27**[th] day of **November, 2018**.

Respectfully Submitted By:

Marie Patterson/s/
Marie Patterson
P.O. Box 445
Jackson, AL 36545
1-251-246-7402
anglewingsbecca@gmail.com
*Pro Se Litigant*

EEOC Form 161-B (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Jacqueline Patterson
73 Larkspur Road
Monroeville, AL 36460

From: Mobile Local Office
63 S Royal Street
Suite 504
Mobile, AL 36602

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

EEOC Charge No.: 425-2018-00329

EEOC Representative: ARLENE A. GORCEY, Investigator

Telephone No.: (251) 690-2177

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**
Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA): This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_Erika LaCour_     8-30-18
Erika LaCour,     (Date Mailed)
Local Office Director

Enclosures(s)

cc: GEORGIA-PACIFIC LLC /KOCH
Terrance Rice, Equal Employment Opportunity Specialist
133 Peachtree Street North East
Atlanta, GA 30303

Henry Brewster, Esq.
205 North Conception Street
Mobile, AL 36603