IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

| | | |
|---|---|---|
| MARIE PATTERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: |
| v. | ) | 1:18-cv-00492-JB-M |
| | ) | |
| GEORGIA PACIFIC LLC, TIMOTHY | ) | |
| MCILWAIN, and JEFFREY HAWKINS, | ) | DEMAND FOR JURY TRIAL[1] |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS TIMOTHY MCILWAIN'S AND JEFFREY HAWKINS'
MOTION TO DISMISS COMPLAINT**

Defendants Timothy McIlwain ("Mr. McIlwain") and Jeffrey Hawkins ("Mr. Hawkins")

(together, "Defendants") submit this memorandum of law in support of their Motion to Dismiss

the Complaint.

**INTRODUCTION**

Plaintiff Jacqueline Marie Patterson's[2] ("Plaintiff") Complaint against Defendants

McIlwain and Hawkins should be dismissed for insufficient service of process and failure to state

a claim upon which relief can be granted under Federal Rules of Civil Procedure 12(b)(5) and

(6), respectively.  Contrary to her representations to the Court and her obligations under Rule 4

of the Federal Rules of Civil Procedure, Plaintiff has failed to serve either Mr. McIlwain or Mr.

---

[1] While Plaintiff has demanded a jury trial, she has agreed to have her claims in this matter tried to a judge without jury.  Thus, Defendants object to Plaintiff's demand for a jury trial and reserve the right to strike her jury demand.

[2] Plaintiff has filed this case as Marie Patterson.  However, the Notice of Right to Sue attached to the Complaint was issued to Jacqueline Patterson.  (*See* Compl., Dkt. 1, at p. 15.)  Thus, Defendants assume that Marie Patterson is "Jacqueline M. Patterson," who previously worked for Alabama River Cellulose LLC.

US2008 15014370 7

Hawkins with a copy of the Summons and Complaint in this case.  Plaintiff's failure to comply with this very basic requirement—serve the individuals she purports to sue—is grounds for dismissal of her Complaint against them.  *See* Fed. R. Civ. P. 12(b)(5).

Moreover, even if Plaintiff had properly complied with her obligation to serve Mr. McIlwain and Mr. Hawkins, dismissal is still warranted under Rule 12(b)(6) because Plaintiff's Complaint fails to state a claim for retaliation under 42 U.S.C. § 1981 ("Section 1981"), the only claim she purports to assert against Mr. McIlwain and Mr. Hawkins.  Section 1981 "***provides protection only on the basis of race***."  *Henley v. Turner Broad. Sys., Inc.*, 267 F. Supp. 3d 1341, 1352 (N.D. Ga. 2017) (emphasis added).  Nonetheless, Plaintiff attempts to bring a Section 1981 retaliation claim premised on her contention that she was terminated because she "testif[ied] on behalf of [pregnant women] that filed a pregnancy discrimination case against [Plaintiff's] former employer."  (Compl., Dkt. 1, ¶ 21.)  However, Plaintiff's participation in a deposition opposing pregnancy discrimination is not opposition to **_race_** discrimination and is therefore not protected activity under Section 1981.  It is axiomatic that without engaging in activity protected by Section 1981, Plaintiff cannot state a claim for retaliation under Section 1981.  Despite Plaintiff's conclusory statements that "she engaged in the protected activity" and that "Defendants retaliated against Plaintiff . . . in violation of 42 U.S.C. § 1981," (*Id.* ¶¶ 56,58), it is clear from the face of the Complaint that Plaintiff cannot state any plausible claim under Section 1981 for retaliation.  As a result, the Complaint should also be dismissed against Mr. McIlwain and Mr. Hawkins for failure to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).

## FACTUAL BACKGROUND[3]

Plaintiff worked as the Senior Human Resources Manager at Alabama River Cellulose LLC from February 2016 until her employment ended on July 19, 2017.  (Compl. ¶¶ 11, 40.)  Mr. McIlwain is the plant manager at Alabama River Cellulose LLC.  (*Id.* ¶ 13.)  Mr. Hawkins was the Human Resources Director to whom Plaintiff reported.  (*Id.* ¶¶ 6, 13.)

"On or about June 6, 2017, Plaintiff received a notice of deposition to testify on behalf of Plaintiffs that filed a pregnancy discrimination case against her former employer."  (*Id.* ¶ 21.)  The case was brought by "three female employees [who] were terminated from [Plaintiff's] previous employer while on FMLA and had filed an EEOC case."  (*Id.* ¶ 26.)  Each of the women in the case "either were pregnant or had just given birth at the time of termination."  (*Id.*)  Plaintiff testified for the plaintiffs in that case.  (*Id.*)  According to Plaintiff, "[she] was the HR representative who counseled leaders [of her former employer] against terminating the [pregnant] employees and that is why [she] was deposed."  (*Id.*)  Plaintiff contends that Mr. Hawkins questioned her about her testimony during a meeting on July 12, 2017, and  thereafter, on July 19, Mr. Hawkins and Mr. McIlwain "terminated Plaintiff's employment."  (*Id.* ¶¶ 30, 40.)

Plaintiff subsequently initiated this litigation against Defendants Georgia-Pacific LLC ("Georgia-Pacific"), Mr. McIlwain, and Mr. Hawkins.  While Plaintiff asserts claims for retaliation in violation of Title VII of the Civil Rights Act of 1964 (Count I) and 42 U.S.C. § 1981 (Count II) against Georgia-Pacific, she only asserts one claim against Mr. Hawkins and Mr.

---

[3] Mr. McIlwain and Mr. Hawkins dispute the factual allegations asserted by Plaintiff in the Complaint and will disprove them should this litigation proceed.  However, they accept Plaintiff's version of the facts as true for purposes of their Motion to Dismiss.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (noting courts must accept factual allegations as true when deciding a motion under Rule 12(b)(6)).  Thus, the factual statements contained in this memorandum are taken from the Complaint and the exhibit attached thereto.

McIlwain.  (*Id.* at pp. 10, 12.)  Plaintiff's sole claim against Mr. Hawkins and Mr. McIlwain is for retaliation in violation of Section 1981 (Count II).  (*Compare id.* at 10 (asserting Count I against "all named corporate defendants" [*sic*]) *with id.* at 12 (asserting Count II against "all named defendants").)  In support of her claim under Section 1981, Plaintiff asserts that "[o]n or about June 2017, Plaintiff informed Defendants that she engaged in the protected activity of opposing pregnancy discrimination by her former employer" and that, as a result, "McIlwain and Hawkins called Plaintiff into a private meeting in her office and terminated her employment." (*Id.* ¶¶ 58, 62.)

After Plaintiff filed her Complaint on November 27, 2018, this Court issued summonses for Plaintiff to serve on the Defendants.  [Dkt. 2 (Docket Text).]  The Summons for Mr. Hawkins indicates that his Registered Agent is "CT Corporation, System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104."  [*Id.* at p. 1.]  Similarly, the Summons for Mr. McIlwain indicates that his Registered Agent is "CT Corporation, System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104."  [*Id.* at p. 2.]  However, neither Mr. Hawkins nor Mr. McIlwain has ever authorized CT Corporation to accept service on his behalf.  (Declaration of Timothy Dale McIlwain ¶ 6, attached hereto as **Exhibit 1**; Declaration of Jeffrey D. Hawkins ¶ 6, attached hereto as **Exhibit 2**).

On December 26, 2018, three proofs of service were filed with the Court.  [Dkt. 3.]  In the Proofs of Service, Process Server James Nate indicates that he "personally served the summons" on Georgia Pacific, Mr. McIlwain and Mr. Hawkins each at "CT Corporation, System, 2 North Jackson Street, Suite 605, MT AL, 36104 on 12-19-2018."  [*Id.*]  Yet neither Mr. Hawkins nor Mr. McIlwain resides or works at "CT Corporation, System, 2 North Jackson Street, Suite 605, MT AL, 36104."  (McIlwain Decl. ¶ 8; Hawkins Decl. ¶ 8.)  Mr. Nate did not

hand-deliver copies of the Complaint and Summons directly to Mr. McIlwain or Mr. Hawkins. (McIlwain Decl. ¶ 9; Hawkins Decl. ¶ 9.)  Similarly, Mr. Nate did not leave copies of the Complaint and Summons with anyone at Mr. McIlwain's home or anyone at Mr. Hawkins' home.  (McIlwain Decl. ¶ 10; Hawkins Decl. ¶ 10.)  Thus, neither Mr. McIlwain nor Mr. Hawkins has yet to be served with a copy of the Summons and Complaint.  (McIlwain Decl. ¶ 12; Hawkins Decl. ¶ 12.)  Nonetheless, based on Plaintiff's representations of service, the Court directed Mr. Hawkins and Mr. McIlwain to respond to the Complaint by January 9, 2019.  [*See* Dkt. 3 (Docket Text).]

## ARGUMENT AND CITATIONS TO AUTHORITY

Rule 12(b) of the Federal Rules of Civil Procedure lists numerous defenses that can be raised by motion.  Among the defenses set forth in Rule 12(b) warranting dismissal of a Complaint are insufficient service of process and failure to state a claim.  *See* Fed. R. Civ. Pro. 12(b)(5) and (6).

**I.      The Complaint Against Mr. McIlwain and Mr. Hawkins Should Be Dismissed For Insufficient Service of Process Under Rule 12(b)(5)**

Despite her *pro se* status, Plaintiff is required to comply with "the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).  Rule 4 of the Federal Rules of Civil Procedure requires that Mr. Hawkins and Mr. McIlwain each be served with a summons and copy of the Complaint and tasks Plaintiff with the responsibility of ensuring service within the required time.  Fed. R. Civ. P. 4(c)(1).  Rule 12(b)(5) permits courts to dismiss actions for insufficient service of process based on the plaintiff's failure to comply with Rule 4's service requirements.  Fed. R. Civ. P. 12(b)(5); *Kennedy v. Warren Properties, LLC*, No. 17-00114-KD-N, 2018 WL 1324166, at *1, *4 (S.D. Ala. Feb. 9, 2018).  "The serving party bears the burden of proof with regard to its validity or good cause for failure to

effect timely service." *Profit v. Americold Logistics, LLC*, 248 F.R.D. 293, 296 (N.D. Ga. 2008) (citation omitted). "A defendant's actual notice is not sufficient to cure defectively executed service." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (citation omitted).

Absent waiver of formal service, individual defendants, like Mr. Hawkins and Mr. McIlwain, may only be served by: "(1) following state laws for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made;" (2) "delivering a copy of the summons and of the complaint to the individual personally;" (3) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;" or (4) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). In addition to the other methods of service provided for in Rule 4(e)(2), the laws of the state of Alabama, the state in which this Court is located and where service was attempted, allow for service by Sheriff or Constable or by certified mail. Ala. R. Civ. P. 4(i).

Here, Plaintiff did not have a copy of the Summons or Complaint delivered to Mr. Hawkins or Mr. McIlwain personally. (McIlwain Decl. ¶ 9; Hawkins Decl. ¶ 9.) Similarly, she did not direct her process server to leave a copy of the Summons or Complaint at Mr. Hawkins' or Mr. McIlwain's "usual place[s] of abode." (McIlwain Decl. ¶ 10; Hawkins Decl. ¶ 10.) Likewise, Plaintiff did not attempt to deliver the Summons and Complaint to Mr. Hawkins or Mr. McIlwain via certified mail in the manner prescribed by Rule 4(i) of the Alabama Rules of Civil Procedure. (McIlwain Decl. ¶ 11; Hawkins Decl. ¶ 11.) Instead, Plaintiff attempted to serve Mr. Hawkins and Mr. McIlwain by directing a process server to leave a copy of the Summons and Complaint with "CT Corporation, System" at "2 North Jackson Street, Suite 605, MT AL, 36104." [Dkt. 3.] However, neither Mr. Hawkins nor Mr. McIlwain has ever authorized CT Corporation to accept

-6-

service on his behalf.  (McIlwain Decl. ¶ 6; Hawkins Decl. ¶ 6.)  Because it was not their authorized agent, CT Corporation could not accept service of the Summons and Complaint on either Defendant's behalf.  *See Reeves v. J.A. Wilbanks*, 542 Fed. Appx. 742, 747 (11th Cir. 2013) (service of process on corporate defendant's registered agent ineffective as to individuals sued in their individual capacities).  Indeed, CT Corporation did not accept service and did not transmit copies of the Summons and Complaint to Mr. Hawkins or Mr. McIlwain.  (McIlwain Decl. ¶ 7; Hawkins Decl. ¶ 7.)

Nonetheless, Plaintiff submitted Proofs of Service to the Court via mail on December 21, 2018, representing that she had served Mr. McIlwain and Mr. Hawkins.  (*See* Dkt. 3 at pp. 1, 2, and 4.)  Plaintiff's act of filing Proofs of Service for Mr. Hawkins and Mr. McIlwain suggests that Plaintiff believes that she has complied with her obligations under Rule 4 of the Federal Rule of Civil Procedure and does not intend further service efforts.  This Court presumed as much by setting deadlines for Mr. McIlwain and Mr. Hawkins to answer the Complaint.  However, Plaintiff's efforts at service of process were insufficient.  That Mr. Hawkins and Mr. McIlwain otherwise received notice of the Complaint is immaterial and does not relieve Plaintiff of her duty to serve them.  *See Albra*, 490 F.3d at 829.  As a result, the Complaint should be dismissed as against Mr. Hawkins and Mr. McIlwain.  *See Kennedy*, 2018 WL 1324166, at *4 (dismissing claims where summons served on individual who was not defendants' registered agent); *Heaton v. Geico Ins. Co. of Ala.*, No. CA-15-0224-CG-C, 2015 WL 7424322, at *3 (S.D. Ala. Oct. 28, 2015) (dismissing claims where service of process not perfected).

## II.   The Complaint Fails To State A Claim Against Mr. Hawkins and Mr. McIlwain and Should Also be Dismissed Under Rule 12(b)(6)

Even if Plaintiff had properly served Mr. Hawkins and Mr. McIlwain with process, dismissal of her claims against them is still proper because she has not asserted any viable claim

against them. Rule 12(b)(6) permits courts to dismiss complaints that fail to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is to allow courts "to save the time and resources that would be wasted hearing evidence on claims that are legally insufficient." *Birt v. Montgomery*, 725 F.2d 587, 591 n.7 (11th Cir. 1984). Thus, a claim based on "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action" will not survive a Rule 12(b)(6) motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, to survive a motion to dismiss, a claim for relief must be supported by sufficient factual matter to be "plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). It is not enough that there be a "sheer possibility that a defendant has acted unlawfully." *Id.* "As the Eleventh Circuit has explained, *Twombly/Iqbal* principles require that a complaint's allegations be enough to raise a right to relief above the speculative level." *Cochran v. S. Co.*, No. 14-0569-WS-N, 2015 WL 3508018, at *1 (S.D. Ala. June 3, 2015). Here, the Complaint fails to create even the sheer possibility that Mr. Hawkins and/or Mr. McIlwain violated Section 1981, let alone states a claim that is plausible on its face. Because Plaintiff's sole claim against Mr. Hawkins and Mr. McIlwain is for § 1981 retaliation, Plaintiff's Complaint against them should be dismissed.

A. <u>**Section 1981 Provides Protection Only on the Basis of Race**</u>

Section 1981 gives "[a]ll persons within the jurisdiction of the United States . . . the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981. Section 1981 has been interpreted to "prohibit[] a range of material adverse actions in private employment" and "authorizes a cause of action for retaliation." *Willmore-Cochran v. Wal-Mart Assocs., Inc.*, 919 F. Supp. 2d 1222, 1233 (N.D. Ala. 2013). However, it is well-established that

Section 1981 "provides protection only on the basis of race."  *Henley*, 267 F. Supp. 3d at 1352

(quoting *Rollins v. Alabama Cmty. Coll. Sys.*, 814 F. Supp. 2d 1250, 1259 n.1 (M.D. Ala. 2011));

*see Little v. United Techs.*, 103 F.3d 956, 961 (11th Cir. 1997) ("It is well-established that § 1981

is concerned with *racial* discrimination in the making and enforcement of contracts.").  Thus,

"while § 1981 does authorize claims for retaliation, it is not a general whistleblower protection

statute."  *Willmore-Cochran*, 919 F. Supp. 2d at 1234.  Accordingly, "gender claims . . . are not

cognizable under 42 U.S.C. § 1981."  *Rollins*, 814 F. Supp. 2d at 1259 n.1.  Likewise, "[S]ection

1981 cannot be the vehicle for redress of . . . pregnancy discrimination and retaliation claims."

*Allen-Brown v. District of Columbia*, 54 F. Supp. 3d 35, 38 (D.D.C. 2014).

Instead, "Section 1981 prohibits an employer from retaliating against its employee in

response to the employee's complaint of ***race-based*** discrimination."  *Braswell v. Allen*, 586 F.

Supp. 2d 1297, 1310 (M.D. Ala. 2008) (emphasis added).  Thus, to state a plausible claim for

Section 1981 relation, Plaintiff's complaint "must establish that (1) she engaged in statutorily

protected activity, (2) she suffered a materially adverse action, and (3) there exists a causal link

between the two."  *Smith v. City of Fort Pierce*, 565 Fed. Appx. 774, 776 (11th Cir. 2014).

Plaintiff has failed to establish even the first element of a plausible claim because the activity

that she alleges to have engaged in—participating in a deposition for a pregnancy discrimination

case—is not protected by Section 1981.

### B.  Plaintiff's Conclusory Allegation That She Engaged In Statutorily Protected Activity Fails as a Matter of Law

"As with other statutory retaliation claims, such a claim under § 1981 ***requires*** that the

protected activity involve the ***assertion of rights encompassed by the statute***."  *Jimenez v.*

*Wellstar Health Sys.*, 596 F. 3d 1304, 1311 (11th Cir. 2010) (emphasis added).  Because Section

1981's protections are limited to race, "in order to constitute statutorily protected activity capable

of supporting a § 1981 retaliation claim, an employee's complaint must reasonably convey that she is ***opposing discrimination based specifically on race, versus some other type of discrimination*** or injustice generally." *Cochran*, 2015 WL 3508018, at *2 (quoting *Willmore-Cochran*, 919 F. Supp. 2d at 1234) (emphasis added).  Thus, to state a plausible claim against Mr. Hawkins and Mr. McIlwain, Plaintiff was required to allege that the termination of her employment was "motivated by complaints in opposition to conduct ***that violates § 1981's substantive prohibition against race discrimination***." *Willmore-Cochran*, 919 F. Supp. 2d at 1233 (emphasis added).  She does not.

Here, Plaintiff does not premise her Section 1981 claim on allegations that either Mr. Hawkins or Mr. McIlwain was motivated by complaints in opposition to conduct that violates Section 1981.  (*See* Compl. ¶¶ 55-63.)  Indeed, she does not allege that Mr. Hawkins and Mr. McIlwain were motivated by complaints at all.  (*See id*.)  Instead, she contends that she was terminated because "Plaintiff specifically reported that she was testifying against her former employer for discriminating against three pregnant female employees."  (*Id.* ¶ 60.)  Count II of the Complaint—the only Count against Mr. Hawkins and Mr. McIlwain[4]—focuses exclusively on her alleged deposition testimony.  (*Id.* ¶¶ 55-63.)  Plaintiff contends that her alleged testimony

---

[4] Plaintiff's Complaint asserts causes of action for retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and Section 1981.  However, Plaintiff properly limits her Title VII claim to Georgia-Pacific.  (*Compare* Compl. at p. 10 *with Compl.* at p. 12).  Plaintiff could not assert a Title VII claim against Mr. McIlwain and Mr. Hawkins because there is no individual liability under Title VII. *See, e.g., Hewitt v. Whitaker*, No. 1:18-cv-14, 2018 WL 6174437 (S.D. Ala. Nov. 26, 2018) (Title VII does not grant relief "against individual employees whose actions would constitute a violation of the Act.") (alterations and citation omitted); *Perkins v. Kushla Water Dist.*, 21 F. Supp. 3d 1250, 1260 (S.D. Ala. 2014) ("Individual employees . . . are not subject to liability under Title VII."); *Page v. Winn-Dixie Montgomery, Inc.*, 702 F. Supp. 2d 1334, 1355 (S.D. Ala. 2010) ("Unlike a Title VII claim, a § 1981 claim may be brought against an individual supervisor.").

was protected by Section 1981, stating that "she engaged in the protected activity of opposing pregnancy discrimination by her former employer."  (*Id*. ¶ 58.)

Despite Plaintiff's conclusory allegation, opposing pregnancy discrimination by a former employer is not "protected activity"[5] under Section 1981.  *See Allen-Brown*, 54 F. Supp. 3d at 38 (noting that Section 1981 is not a vehicle for redress of pregnancy or gender retaliation claims); *see also Iqbal*, 556 U.S. at 678 (holding that labels and conclusions are insufficient to meet the pleading standard required to survive a motion to dismiss).  Dismissal of a Section 1981 retaliation claim is proper where, as here, the alleged "protected activity" is not actually conduct that is protected under Section 1981.  *See Jimenez*, 596 F.3d at 1311-13 (affirming dismissal of physician's Section 1981 claim because he did not engage in "statutorily protected activity by reporting to the EEOC that his medical staff privileges had been discriminatorily suspended"); *see also Willmore-Cochran*, 919 F. Supp. 2d at 1234 (affirming summary judgment against plaintiff because "[p]laintiff's vague claim that she complained about 'mismanagement in the pharmacy' does not reasonably support a contention that she thereby raised any issue of race discrimination").

The fact that Plaintiff "is and [*sic*] African-American female . . . a protected class pursuant to 42 U.S.C. § 1981" (Compl. ¶ 57) does not salvage her Section 1981 retaliation claim or make it cognizable.  Indeed, courts routinely dismiss the Section 1981 claims of African-American plaintiffs who have failed to show that they engaged in statutorily protected activity

---

[5] It is questionable whether participation in the deposition would be protected activity under any statute. Plaintiff acted in her capacity as a Human Resources Manager in advising her former employer against termination, and her testimony simply reflected this advice.  (*See* Compl. ¶ 26 ("I was the HR representative who counseled the leaders against terminating the employees and that is why I was deposed.")).  "To qualify as 'protected activity' an employee must cross the line from being an employee 'performing her job . . . to an employee lodging a personal complaint.'"  *Brush v. Sears Holdings Corp.*, 466 Fed. Appx. 781, 787 (11th Cir. 2012) (citations omitted).

-11-

(i.e., complained of **race-based** discrimination).  *See, e.g., Jimenez*, 596 F.3d at 1311-13

(affirming dismissal where African-American plaintiff failed to allege protected activity under

Section 1981); *Henley*, 267 F. Supp. 3d at 1354-55 (dismissing African-American plaintiff's

Section 1981 retaliation claim because she did not sufficiently allege protected activity);

*Braswell*, 586 F. Supp. 2d at 1310-11 (affirming summary judgment against African-American

plaintiffs because "Plaintiffs do not provide support for a section 1981 retaliation claim").

     Similarly, Plaintiff's few fleeting references elsewhere in the Complaint to two African-

American employees allegedly complaining to her about not being considered for Maintenance

E&I vacancies do not raise a right to relief under Section 1981 above the speculative level.  *See*

*Twombly*, 550 U.S. at 555 (stating that facts alleged by the plaintiff must do more than merely

create the suspicion of a legally cognizable right of action and must "raise a right to relief above

the speculative level").  First, Plaintiff merely reported that the employees "complained to HR

about not hearing anything on the Maintenance E&I positions."  (Compl. ¶ 14.)  Because it was

Plaintiff's job as Human Resources Manager to convey such complaints and recommend a

course of action, her doing so cannot constitute protected activity.  *See Brush*, 466 Fed. Appx. at

787 (noting that "a management employee that, in the course of her normal job performance,

disagrees with or opposes the actions of an employer does not engage in 'protected activity.'").

More importantly, Plaintiff clearly and unequivocally states that the sole basis for her Section

1981 claim and the alleged motivating factor behind her termination is that "she engaged in the

protected activity of opposing pregnancy discrimination by her former employer."  (*See* Compl.

¶ 58.)  As previously discussed, this is insufficient to support a claim of retaliation under Section

1981 regardless of Plaintiff's race.  *See Henley*, 267 F. Supp. 3d at 1354-55 (finding that

African-American female employee failed to state a claim for retaliation under Section 1981

where her complaints of mistreatment could have been based on sex or pregnancy).  Thus,

Plaintiff has not nudged her claim for Section 1981 retaliation "across the line from conceivable

to plausible," *Cochran*, 2015 WL 3508018, at *1 (quoting *Twombly*, 550 U.S. at 570), and it

should be dismissed for failure to state a claim

## CONCLUSION

For the foregoing reasons, Mr. Hawkins and Mr. McIlwain respectfully request that the

Court grant their Motion to Dismiss the Complaint.


Respectfully submitted, this 9th day of January, 2019.


/s/ Mack B. Binion
Mack B. Binion
BINIM7778
Briskman & Binion, P.C.
Post Office Box 43
Mobile, Alabama  36601
251.433.7600 (office)
251.433.4485 (fax)
mbinion@briskman-binion.com

Yendelela Neely Holston*
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA  30309
(404) 815-6318 (office)
(404) 671-8584 (facsimile)
yholston@kilpatricktownsend.com

Chang Yu*
Kilpatrick Townsend & Stockton LLP
4208 Six Forks Rd., Suite 1400
Raleigh, NC 27609
(919) 420-1816 (office)
(919) 510-6108 (facsimile)
AYu@kilpatricktownsend.com

Counsel for  Counsel for Timothy McIlwain
and Jeffrey Hawkins

*Pro hac vice* pending