IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARIE PATTERSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) Civil Action No.: |
| v. | ) 1:18-cv-00492-JB-MU |
| | ) |
| GEORGIA PACIFIC, LLC, and ALABAMA | ) |
| RIVER CELLULOSE, LLC, | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANT ALABAMA RIVER CELLULOSE, LLC'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Alabama River Cellulose, LLC ("ARC") hereby responds to the First Amended

Complaint (the "Amended Complaint") of Plaintiff Jacqueline Marie Patterson[1] (Plaintiff) as

follows:

**PARTIES**

1.    ARC admits that Plaintiff worked in Monroe County, Alabama.  Except as

expressly admitted herein, ARC denies the remaining allegations contained in Paragraph 1 of the

Amended Complaint.

2.    ARC admits that Plaintiff worked at its facility located in Monroe County,

Alabama.  Except as expressly admitted herein, ARC denies the remaining allegations contained

in Paragraph 2 of the Amended Complaint.

---

[1] Plaintiff has filed this case as Marie Patterson.  However, ARC assumes that Marie Patterson is
"Jacqueline M. Patterson," a former employee of ARC.

3.      ARC admits that it conducts business within the Southern District of Alabama. Upon information and belief, ARC admits that the actions alleged in the Amended Complaint occurred within the Southern District of Alabama.  ARC admits that venue is proper in this district. Except as expressly admitted herein, ARC denies the remaining allegations contained in Paragraph 3 of the Amended Complaint.

4.      ARC admits that Defendant Georgia Pacific, LLC is a corporation organized under the laws of the State of Alabama and that it may be served with process through its registered agent CT Corporation System at 2 North Jackson Street, Suite 605, Montgomery, AL 36104. Except as expressly admitted herein, ARC denies the remaining allegations contained in Paragraph 4 of the Amended Complaint.

5.      ARC admits that Plaintiff is a former employee of ARC and that ARC may be served with process through its registered agent CT Corporation System at 2 North Jackson Street, Suite 605, Montgomery, AL 36104.  Except as expressly admitted herein, ARC denies the remaining allegations contained in Paragraph 5 of the Amended Complaint.

## JURISDICTION AND VENUE

6.      ARC admits that Plaintiff seeks to bring a claim for retaliation under Title VII of the Civil Rights Act of 1964 and admits that jurisdiction is proper before this Court under 28 U.S.C. § 1331.  Except as expressly admitted herein, ARC denies the remaining allegations contained in Paragraph 6 of the Amended Complaint.

7.      ARC admits that venue and personal jurisdiction are proper.  Except as expressly admitted herein, ARC denies the remaining allegations contained in Paragraph 7 of the Amended Complaint.

## FACTUAL ALLEGATIONS

8.      ARC admits that Plaintiff started working on or around December 28, 2015.  Except as expressly admitted herein, ARC denies the remaining allegations contained in Paragraph 8.

9.      ARC admits that Plaintiff's title at the time of her termination was Senior HR Manager and that her annual salary at that time was $125,000.

10.     ARC admits the allegations contained in Paragraph 10 of the Amended Complaint.

11.     ARC admits that Plaintiff was a Senior HR Manager but denies Plaintiff's description of her job responsibilities.  Except as expressly admitted herein, ARC denies the remaining allegations contained in Paragraph 11 of the Amended Complaint.

12.     ARC admits that Jeffery Hawkins is a Director of HR with Georgia-Pacific Containerboard LLC and was Plaintiff's supervisor for a portion of her employment with ARC. Except as expressly admitted herein, ARC denies the remaining allegations contained in Paragraph 12 of the Amended Complaint.

13.     ARC admits that Plaintiff regularly met with Mr. McIlwain, including in the month of March 2017, and that during one such meeting, Plaintiff raised the open Maintenance E&I positions with Mr. McIlwain.  Except as expressly admitted herein, ARC denies the remaining allegations contained in Paragraph 13 of the Amended Complaint.

14.     ARC admits that it was Plaintiff's position that some existing ARC employees met the qualifications for the open Maintenance E&I positions.  Except as expressly admitted herein, ARC denies the remaining allegations contained in Paragraph 14 of the Amended Complaint.

15.     ARC denies the allegations contained in Paragraph 15 of the Amended Complaint.

16.     ARC denies the allegations contained in Paragraph 16 of the Amended Complaint.

17.     ARC admits that Plaintiff and Mr. McIlwain continued to meet regularly to discuss matters related to their jobs but specifically denies that such meetings can be described as "coaching" conversations.   Except as expressly admitted herein, ARC denies the remaining allegations contained in Paragraph 17 of the Amended Complaint.

18.     ARC denies the allegations contained in Paragraph 18 of the Amended Complaint.

19.     ARC denies the allegations contained in Paragraph 19 of the Amended Complaint.

20.     ARC lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 20 of the Amended Complaint and, therefore, denies the same.

21.     ARC denies the allegations contained in Paragraph 21 of the Amended Complaint.

22.     ARC admits that in July 2017, Mr. Hawkins made at least one phone call to Plaintiff.

23.     ARC admits that Mr. Hawkins asked Plaintiff for information about her whereabouts on June 29, 2017 and that he contacted attorney Matt Pesnell.  Except as expressly admitted herein, ARC denies the remaining allegations contained in Paragraph 23 of the Amended Complaint.

24.     ARC denies the allegations contained in Paragraph 24 of the Amended Complaint.

25.     ARC denies the allegations contained in Paragraph 25 of the Amended Complaint.

26.     ARC denies the allegations contained in Paragraph 26 of the Amended Complaint.

27.      ARC denies the allegations contained in Paragraph 27 of the Amended Complaint.

28.      ARC denies the allegations contained in Paragraph 28 of the Amended Complaint.

29.      ARC admits that on or about July 12, Mr. Hawkins asked Plaintiff for information about her whereabouts on June 29, 2017.  Except as expressly admitted herein, ARC denies the remaining allegations contained in Paragraph 29 of the Amended Complaint.

30.      ARC denies the allegations contained in Paragraph 30 of the Amended Complaint.

31.      ARC denies the allegations contained in Paragraph 31 of the Amended Complaint.

32.      ARC denies the allegations contained in Paragraph 32 of the Amended Complaint.

33.      ARC denies the allegations contained in Paragraph 33 of the Amended Complaint.

34.      ARC admits that Plaintiff asked Jessie Jackson about her discussions with Mr. Hawkins.  Except as expressly admitted herein, ARC denies the remaining allegations contained in Paragraph 34 of the Amended Complaint.

35.      ARC admits that on or about July 19, 2017, Mr. McIlwain's assistant contacted Plaintiff.  ARC lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 35 of the Amended Complaint and, therefore, denies the same.

36.      ARC admits that Michelle informed Plaintiff that Mr. Hawkins and Mr. McIlwain would come to her office.  Except as expressly admitted herein, ARC denies the remaining allegations contained in Paragraph 36 of the Amended Complaint.

37.     ARC admits that Mr. McIlwain and Mr. Hawkins had a closed-door meeting with Plaintiff in her office on or about July 19, 2017.  Except as expressly admitted herein, ARC denies the remaining allegations contained in Paragraph 37 of the Amended Complaint.

38.     ARC admits that at the meeting, Plaintiff was informed that she was terminated and was presented with a severance agreement.  Except as expressly admitted herein, ARC denies the remaining allegations contained in Paragraph 38 of the Amended Complaint.

39.     ARC admits that on July 19, 2017, Plaintiff's employment was terminated and that Mr. Hawkins and Mr. McIlwain informed her of such news.  Except as expressly admitted herein, ARC denies the remaining allegations contained in Paragraph 39 of the Amended Complaint.

40.     ARC admits that it eventually replaced Plaintiff with Dacry Harris, that Mr. Harris is a male, and that prior to replacing Plaintiff, Mr. Harris was a Human Resources Manager at Memphis Cellulose LLC.  Except as expressly admitted herein, ARC denies the remaining allegations contained in Paragraph 40 of the Amended Complaint.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

41.     ARC incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.  ARC denies that Plaintiff exhausted her Title VII administrative remedies. Except as expressly admitted herein, ARC denies the remaining allegations contained in Paragraph 41 of the Amended Complaint.

42.     ARC admits that Plaintiff filed a Charge of Discrimination with the EEOC on January 6, 2018 and states that that document speaks for itself.  Except as expressly admitted herein, ARC denies the remaining allegations contained in Paragraph 42 of the Amended Complaint.

43.     ARC admits that the EEOC right to sue letter was postmarked August 30, 2018 but denies that it is attached to Plaintiff's Amended Complaint.

44.     ARC denies the allegations contained in Paragraph 44 of the Amended Complaint.

## COUNT I
## UNLAWFUL RETALIATION IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED 42
## U.S.C. §§ 2000E ET SEQ.
## (ALL NAMED CORPORATE DEFENDANTS)

45.     ARC incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

46.     ARC denies the allegations contained in Paragraph 46 of the Amended Complaint.

47.     ARC admits the allegations contained in Paragraph 47 of the Amended Complaint.

48.     ARC denies the allegations contained in Paragraph 48 of the Amended Complaint.

49.     ARC denies the allegations contained in Paragraph 49 of the Amended Complaint.

50.     ARC denies the allegations contained in Paragraph 50 of the Amended Complaint.

51.     ARC denies the allegations contained in Paragraph 51 of the Amended Complaint.

52.     ARC admits the allegations contained in Paragraph 52 of the Amended Complaint.

53.     ARC denies the allegations contained in Paragraph 53 of the Amended Complaint.

## PRAYER FOR RELIEF

In response to the paragraph beginning "WHEREFORE," ARC admits that Plaintiff seeks the relief requested, ARC denies that it is liable to Plaintiff in any amount, and denies that Plaintiff is entitled to any of the damages or relief prayed for in the aforementioned paragraphs.

## DEMAND FOR JURY TRIAL

ARC admits that Plaintiff has demanded a trial by jury, but denies that Plaintiff is entitled to a trial by jury because she has waived her right to a jury trial.

## GENERAL DENIAL

ARC denies each and every allegation of Plaintiff's Amended Complaint not expressly admitted as if such allegation had been specifically denied.

## DEFENSES

ARC alleges the following defenses as to each and every cause of action asserted in the Complaint unless specified otherwise.  By asserting these defenses, ARC does not assume the burden of proving any fact, issue, or element of a cause of action where such burden belongs to Plaintiff.  Furthermore, all such defenses are pleaded in the alternative, and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever.  ARC reserves the right to assert additional defenses as they become evidence through further discovery and/or investigation.

### First Defense

Some or all of the allegations contained in the Amended Complaint fail to state a claim against ARC upon which relief can be granted.

### Second Defense

ARC denies that Plaintiff engaged in any protected activity such that Plaintiff can assert a cognizable claim for retaliation under Title VII.

## Third Defense

Plaintiff's Title VII claim is barred because she failed to comply with some or all of the prerequisites to the maintenance of a civil action under that statute.

## Fourth Defense

The scope of the Amended Complaint exceeds the scope of the charge of discrimination that Plaintiff filed with the EEOC and the investigation of that agency reasonably related to the charge. Such parts of Plaintiff's Amended Complaint that are not reasonably related to her charge of discrimination are barred.

## Fifth Defense

ARC denies any discriminatory or retaliatory intent towards Plaintiff. Regardless of any such alleged intent, ARC would have taken the same actions for legitimate, non-discriminatory and non-retaliatory business reasons.

## Sixth Defense

ARC has acted in good faith at all times and had reasonable grounds to believe that its conduct did not violate any law or regulation, and in fact it has not willfully violated any law or regulation.

## Seventh Defense

If ARC's employees engaged in any wrongful conduct, which ARC denies, such employees did so on their own behalf and outside the scope of their employment with ARC. ARC has no knowledge of such conduct, nor did it authorize, direct, or have reason to know or suspect that such conduct would or did occur.

## Eighth Defense

ARC is not vicariously liable for the alleged retaliatory decisions of alleged managerial agents because they are contrary to ARC's good faith efforts to comply with the laws prohibiting retaliation.

## Ninth Defense

ARC exercised reasonable care to prevent and correct promptly any alleged retaliatory behavior that may have occurred as alleged by Plaintiff, and Plaintiff has unreasonably failed to take advantage of any preventative or corrective opportunities provided by ARC or otherwise to avoid harm.

## Tenth Defense

Some or all of Plaintiff's claims may be barred by the doctrines of unclean hands, waiver, laches, estoppel, and/or after-acquired evidence.

## Eleventh Defense

Plaintiff's right to recovery, if any, must be offset by her failure to reasonably mitigate her alleged losses.

## Twelfth Defense

Plaintiff's claim for punitive damages is barred because ARC's conduct was not malicious or recklessly indifferent to the federally protected rights of Plaintiff.

## Thirteenth Defense

During the course of discovery, ARC may become aware that Plaintiff's claims are barred or recovery is due to be limited, in whole or in part, based on the after-acquired evidence doctrine.

## Fourteenth Defense

Plaintiff has agreed to have her claim in this matter tried to a judge without jury, and thus, Plaintiff is not entitled to a jury trial in this Action.

## Fifteenth Defense

Because discovery is not complete, and to anticipate unknown facts that may develop, ARC refers to all of the Affirmative Defenses set forth under federal law and Alabama law, including but not limited to the affirmative defenses available to ARC under Federal Rule of Civil Procedure 12(b), and incorporates the same herein and any other matter constituting an avoidance or Affirmative Defense.

## Sixteenth Defense

ARC reserves the right to assert additional defenses as they become evident through further discovery and/or investigation.

**WHEREFORE**, ARC prays for judgment as follows:

1.  That judgment be entered in favor of ARC and against Plaintiff and that the Amended Complaint be dismissed with prejudice;

2.  That ARC be awarded its costs of this action;

3.  That ARC be awarded its reasonable attorneys' fees as may be determined by the Court; and

4.  That the Court award such other and further relief as it deems just and proper.

Respectfully submitted, this 15th day of March, 2019.

/s/ Yendelela Neely Holston
Yendelela Neely Holston
Admitted Pro Hac Vice
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA  30309
(404) 815-6318 (office)
(404) 671-8584 (facsimile)
yholston@kilpatricktownsend.com

Mack B. Binion
BINIM7778
Briskman & Binion, P.C.
Post Office Box 43
Mobile, AL  36601
(251) 433-7600 (office)
(251) 433-4485 (fax)
mbinion@briskman-binion.com

Chang Yu
Admitted Pro Hac Vice
Kilpatrick Townsend & Stockton LLP
4208 Six Forks Rd., Suite 1400
Raleigh, NC 27609
(919) 420-1816 (office)
(919) 510-6108 (facsimile)
AYu@kilpatricktownsend.com

Counsel for Defendant Alabama River
Cellulose, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MARIE PATTERSON,                      )
                                      )
        Plaintiff,                    )
                                      )  Civil Action No.:
v.                                    )  1:18-cv-00492-JB-MU
                                      )
GEORGIA PACIFIC, LLC, and ALABAMA     )
RIVER CELLULOSE, LLC,                 )
                                      )
        Defendants.                   )

**CERTIFICATE OF SERVICE**

I hereby certify that on March 15, 2019, I electronically filed the foregoing, **DEFENDANT ALABAMA RIVER CELLULOSE, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**, with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to Plaintiff, appearing *pro se*.  I have also sent a copy of the attached to Plaintiff via First-Class U.S. Mail at the following address:

Marie Patterson
P.O. Box 445
Jackson, Alabama 36545

/s/ *Yendelela Neely Holston*