## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **MARIE PATTERSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | )   **CIVIL ACTION NO. 18-00492-JB-MU** |
| **GEORGIA PACIFIC, LLC, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

This Memorandum Opinion follows the Court's Order dated July 16, 2020 (Doc. 136).

granting Defendants' Motion for Summary Judgment (Doc. 109).

### BACKGROUND

Plaintiff's First Amended Complaint ("FAC") is the operative complaint in this action.  (Doc.

23).  In it, Plaintiff alleges a single claim for retaliation "pursuant to Title VII of the Civil Rights Act

42 U.S.C. § 2000e et seq and 42 U.S.C. § 1981 et seq." (*Id.*, PageID.141).  Plaintiff contend

Defendants terminated her in retaliation for "engaging in the protected activity of opposing

pregnancy discrimination by her former employer," against persons other than Plaintiff, and for

giving a deposition in a related lawsuit to which she was not a party. (*Id.*, PageID.142).   Plaintiff

filed a Charge of Discrimination with the EEOC on January 6, 2018.  (Doc. 110-4, PageID.1526).

The EEOC terminated its processing of Plaintiff's Charge, and issued a Notice of Right to Sue dated

August 30, 2018.  (Doc. 1, PageID.15).

Defendants argue they are entitled to summary judgment on the following independent

grounds:

1. Plaintiff's claim is procedurally barred because it is beyond the scope of Plaintiff's related EEOC charge.

2. Plaintiff did not engage in statutorily protected activity.

3. Plaintiff cannot prove a causal connection between the alleged protected activity and her termination.

4. Plaintiff cannot demonstrate that Defendants' reasons for her termination are pretext for retaliation.

(Doc. 110, PageID.1330-1342).   For the reasons set out herein, the Court concludes that Defendants are entitled to summary judgment on the second ground above.   Specifically, Plaintiff's opposition to pregnancy discrimination by her former employer is not "protected activity" under the "manager rule," and, her opposition was not directed to any unlawful employment practice committed by Defendants.  In light of these conclusions, the Court will not address the remaining grounds asserted in Defendants' Motion.

**STANDARD OF REVIEW**

Under Rule 56(a) of the Federal Rules of Civil Procedure, "a court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The party moving for summary judgment bears the "initial responsibility of informing the district court of the basis for [its] motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which [they] believe[ ] demonstrate the absence of a genuine issue of material fact."  *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).  Where the moving party does not have the burden of proof at trial, it may show that

"there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the non-movant must set forth specific facts, supported by citation to the evidence, to support the elements of the case at trial, and therefore, establish that there is a genuine issue for trial.  Fed. R. Civ. P. 56(c).

In deciding a motion for summary judgment, "[t]he evidence, and all reasonable inferences, must be viewed in the light most favorable to the nonmovant ...." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003).

## DISCUSSION

Plaintiff was an employed by Defendant Georgia Pacific, LLC on December 28, 2015.  (Doc. 23, PageID.133-135).  She was hired in a managerial position titled "SR HR Manager."  (*Id.,* PageID.134).  Plaintiff was assigned to the Alabama River Cellulous mill in Purdue Hill, Alabama in February 2016.  (*Id.,* PageID.136; and Doc. 110-2, PageID.1353).  As SR HR Manager, Plaintiff was responsible for the following:

> [C]ontinuous improvement of the selection process, ensure employees connect with how they drive value for the company, identify talent gaps, coach supervisors on the development of gap closure plans, understand, develop, apply and coach employees on Market Based Management, Identify HR Compliance risks and develop gap closure plans to address risks while implementing a systematic approach to maintaining compliance, interpreting policies and practices, managing FMLA, ADA, Workers Compensation, EEO/AAP, investigating questions and/ or complaints, resolving employee relations issues and using each complaint/issue as an opportunity to understand the root cause and develop a plan to resolve the root cause, drive innovation in HR functions and processes aligning with the HR, Division and plant specific vision.

(Doc. 23, PageID.136).   Jeffrey Hawkins, Defendant Georgia Pacific's HR Director, was Plaintiff's supervisor.  (*Id.,* PageID.136 - 137).  Timothy McIlwain was the Plant Manager of the mill where Plaintiff worked.  (*Id.,* PageID.137).

Notwithstanding allegations that Plaintiff counseled Defendants against failing to offer positions to internal African-America employees (Doc. 23, PageID.137 - 138), Plaintiff's sole claim against Defendants and her response to the Motion for Summary Judgment focus on her opposition to pregnancy discrimination by her previous employer, Memorial Hermann ("MH"). Plaintiff had been employed by MH as a Human Resources Business Partner II.  (Doc. 110-2, PageID.1356).  In that capacity, she was responsible for managing MH employee complaints, providing advice relating to employment matters, and assisting with compliance with employment laws.  (*Id.*, PageID.1368 - 1369, and 1370).

On or about June 6, 2017, while employed with Defendants, Plaintiff received a deposition notice to testify in an action against MH.  That action was filed by former MH employees for pregnancy discrimination.  (Doc. 23, PageID.138).   Plaintiff was not a party to the action. However, in her capacity as MH Human Resources Business Partner, Plaintiff had "counseled" MH leadership against terminating the employees.  (*Id.*).  The attorney for the plaintiff-employees contacted Plaintiff because she was the MH HR business partner at the time the plaintiff-employees filed their EEOC charge against MH.  (Doc. 110-2, PageID.1373).

At her deposition in the action against MH, Plaintiff testified that her involvement in the termination of the former MH employees included advice to MH in her capacity as an HR business partner.  (*Id*., PageID.1374).  She advised MH "not to do anything" until she consulted with an HR advisor, because she was concerned about FMLA issues. (Doc. 110-4, PageID.1423 and 1429).

Plaintiff was involved in multiple meetings within MH concerning the terminations. (*Id.*, PageID.1430).

After receiving the deposition notice, Plaintiff informed Mr. McIlwain, Mr. Hawkins, and Defendants' "HR Admin Assistant" Jessie Jackson that her deposition was set for June 29, 2017. (Doc. 23, PageID.138). She informed Mr. Hawkins that "three female employees were terminated from her previous employer [MH] while on FMLA and had filed an EEOC case." (*Id.*). Plaintiff said she testified "for the plaintiffs," and Mr. Hawkins responded, "That means you went against your previous employer." (*Id.*, PageID.139). Mr. Hawkins told Plaintiff "that giving the deposition (against my former employer) made things clear to him." (*Id.*). On or about July 12, 2017, HR Assistant Jackson told Plaintiff that Mr. McIlwain tried to get her (Jackson) "to say things that I didn't know." Plaintiff was terminated on or about July 19, 2017 and replaced with a male. (*Id.*).

In her FAC and Opposition to Defendants' Motion for Summary Judgment (Doc. 114), Plaintiff argues that her opposition to MH's pregnancy discrimination and her related deposition constitutes "protected activity," and that Defendants terminated her in retaliation for engaging in it. Defendants contend that, as a matter of law, Plaintiff' opposition to MH's discrimination and her deposition do not constitute "protected activity" for purposes of Title VII because it related solely to Plaintiff's capacity as MH's HR manager. (Doc. 110, PageID.1333 - 1335). Defendants additionally argue that Plaintiff was not engaged in "protected activity" because her opposition and deposition involved MH's pregnancy discrimination and not any unlawful employment practice by Defendants. (*Id.,* PageID.1333).

As stated by the Eleventh Circuit Court of Appeals in *Crawford v. Carroll*, Title VII "prohibits retaliation against an employee 'because [s]he has opposed any practice made an unlawful employment practice by [Title VII], or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing [thereunder].'" 529 F.3d 961, 970 (11th Cir. 2008) (citing 42 U.S.C. § 2000e-3(a)).  To establish a *prima facie* case of retaliation under Title VII, a plaintiff "must show that '(1) [s]he engaged in a statutorily protected activity; (2) [s]he suffered an adverse employment action; and (3) [s]he established a causal link between the protected activity and the adverse action.'"  *Johnson v. Mobile Infirmary Med. Ctr.*, 2015 U.S. Dist LEXIS 44990, at *63 – 64 (S.D. Ala. April 7, 2015) (quoting *Bryant v. Jones*, 575 F.3d 11281, 1307 - 08 (11th Cir. 2009)).

Viewing the record evidence, and all reasonable inferences, in the light most favorable to Plaintiff, the Court concludes that Plaintiff has failed to establish a genuine issue of material fact that she engaged in "statutorily protected activity," and therefore that Plaintiff cannot establish a *prima facie* case of retaliation under Title VII.

First, Plaintiff's opposition to pregnancy discrimination by her former employer MH, and her deposition testimony in the related case against MH, were all actions taken in the context of her employment as a MH employment manager, namely, a MH "Human Resources Business Partner."  As such, Plaintiff was not engaged in "protected activity" as a matter of law under the "manager rule" articulated in *Brush v. Sears Holdings Corp.*, 466 Fed. Appx. 781 (11th Cir. 2012). In *Brush* the Court explained, "a management employee that, in the course of her normal job performance, disagrees with or opposes the actions of an employer, does not engage in 'protected activity.'"  466 Fed. Appx. at 787 (citing *McKenzie v. Renberg's Inc.*, 94 F.3d 1478 (10th

Cir. 1996); *Hagan v. Echostar Satellite, L.L.C.*, 529 F.3d 617 (5th Cir. 2008)). "Instead," the Court held "to qualify as 'protected activity' an employee must cross the line from being an employee 'performing her job . . . to an employee lodging a personal complaint.'" *Id.* (quoting *McKenzie*, 94 F.3d at 1486). The Court in *Brush* expressly found the "'manager rule' persuasive and a viable prohibition against certain individuals recovering under Title VII." 466 Fed. Appx. at 787.

Under the facts of this case, there can be no reasonable dispute that Plaintiff's involvement in the termination of the former MH employees was solely in her capacity as a MH human resources manager. Plaintiff's activities in relation to the terminations were consistent with her managerial responsibilities as a MH Human Resources Business Partner. The same is true of her deposition. Plaintiff was contacted by counsel for the terminated MH employee-plaintiffs for the very reason that Plaintiff was the MH human resources manager at the time they submitted their EEOC charge. Any concern or opposition expressed by Plaintiff to pregnancy discrimination committed by MH was within or directly related to the "normal job performance" of a MH Human Resources Business Partner.

Further, there is no evidence that Plaintiff crossed "the line from being an employee 'performing her job . . . to an employee lodging a personal complaint.'" *Brush*, 466 Fed. Appx. at 787. As with the plaintiff in *Brush*, "[t]here is simply no evidence in the record that [Plaintiff] was asserting any rights under Title VII or that she took any action adverse to the company during the investigation." *Id.*

In response to Defendant's argument for the application of the "manager rule," Plaintiff does not dispute the managerial nature of her activity related to the terminations. Rather, she focuses on the "manager rule" itself. (Doc. 114, PageID.1693 - 1694). Plaintiff notes that *Brush*

is an unpublished opinion.  The Court is mindful that *Brush* is unpublished.  It is not, however, unpersuasive.  Other district courts in the Eleventh Circuit have applied the "manager rule" based on the Court's opinion in *Brush*.  For example, the court in *McMullen v. Tuskegee Univ.*, 184 F.Supp.3d 1316, 1322 (M.D. Ala. 2016) rejected an argument that *Brush* should not be followed because it is an unpublished opinion.  The court expressly held that the "'manager rule' can apply in a Title VII case," and granted summary judgment where plaintiff's "actions were taken in the course of her employment duties, not in a personal role and, therefore, were not protected activities."  184 F.Supp.3d at 1324.  The court in *McMullen* also noted that other Eleventh Circuit district courts have applied the "manager rule."[1]  The "manager rule" was more recently applied by the court in *Laska v. Kelley Mfg. Co.*, 2019 U.S. Dist. LEXIS 165107, at *20 – 23 (M.D. Ga. Sept. 26, 2019)(citing *Hartzog v. Resolute FP US, Inc.*, 2016 U.S. Dist. LEXIS 148853 (N.D. Ala. Oct. 27, 2016)).

Plaintiff also notes that cases cited in *Brush* for the "manager rule" involved FLSA rather than Title VII claims, i.e., *McKenzie,* 94 F.3d 1478, and *Hagan*, 529 F.3d 617.  (Doc. 114, PageID.1693).  The Plaintiff fails, however, to offer any argument as to how that distinction constitutes a meaningful difference to the application of the "manager rule" in Title VII cases. The Court will not attempt to formulate an argument for her.

Plaintiff would have this Court follow what she describes as the "binding precedent" of *Gogel v. Kia Motors Mfg. of Ga., Inc.*, 904 F.3d 1226 (11th Cir. 2018).  (Doc. 114, PageID.1693 - 1694).  *Gogel* has been vacated, and is awaiting *en banc* review.  *See Gogel v. Kia Motors Mfg. of*

---

[1] *Cyrus v. Hyundai Motor Mfg. Ala., LLC*, 2008 U.S. Dist. LEXIS 33826 (M.D. Ala. April 24, 2008), *Fletcher v. Supreme Beverage Co.*, 2014 U.S. Dist. LEXIS 154712 (N.D. Ala. Oct. 31, 2014), and *Raney v. Paper & Chemical Supply, Co.*, 2012 U.S. Dist. LEXIS 68392 (N.D. Ala. April 24, 2012).

*Ga., Inc.*, 926 F.3d 1290 (11th Cir. 2019).  Furthermore, nowhere in the now vacated *Gogel* opinion did the Court mention the "manager rule" or *Brush.*  Given the state of the law in this Circuit as of the entry of this Memorandum Opinion, including the opinion in *Brush*, the Court concludes that the "manager rule" applies and prevents Plaintiff from establishing a *prima facie* case of Title VII retaliation.

The Court alternatively concludes that Plaintiff did not engage in "protected activity" because her activity did not concern unlawful employment practices of her employer, the Defendants.  *See EEOC v. Kumi Mfg. Ala., LLC.*, 2011 U.S. Dist. LEXIS 3051 (M.D. Ala. Jan. 11, 2011). In *Kumi Mfg. Ala, LLC.*, the court held that a complaint of discrimination "by a former employer, made to his then-current employer, is not opposition to an unlawful employment practice protected by Title VII's opposition clause."  2011 U.S. Dist. LEXIS 3051, at *44.  The court relied on language in the Eleventh Circuit Court of Appeals' decision in *Butler v. ALDOT*, 536 F.3d 1209, 1213 (11th Cir. 2008) that, to "state a prima facie case of retaliation under the opposition clause, a plaintiff must show that 'he had a good faith, reasonable belief that *the* employer was engaged in unlawful employment practices.'" *Kumi Mfg. Ala, LLC.,* 2011 U.S. Dist. LEXIS 3051, at *45 (emphasis in original).

Plaintiff's activities concerned those of her former employer, MH.  The Court agrees that Plaintiff's activity directed to MH's "unlawful act of pregnancy discrimination is not a protected activity that supports a retaliation claim against" Defendants.  (Doc. 110, PageID.1338).

**CONCLUSION**

Upon due consideration, the Court orders that Defendants' Motion for Summary Judgment is GRANTED on the ground that Plaintiff did not engage in protected activity and, therefore, cannot establish a *prima facie* claim for retaliation under Title VII.[2]

**DONE and ORDERED** this 29th day of July, 2020.

/s/ JEFFREY U. BEAVERSTOCK
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff's Motion to Exclude the Testimony of Timothy McIlwain (Doc. 116) is denied as moot, in light of the grounds of the Court's Memorandum Opinion.  Plaintiff's Motion for Sanctions (Doc. 117) is denied.